BENJAMIN B. WAGNER
United States Attorney
KAREN A. ESCOBAR
Assistant U.S. Attorney
Suite 4401, Federal Courthouse
2500 Tulare Street
Fresno, CA   93721
Telephone: (559) 497-4000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:11-cr-094 LJO |
| ) | |
| Plaintiff, ) | SUPPLEMENTAL FACTS IN SUPPORT |
| ) | OF EXCLUSION OF TIME, |
| ) | DECLARATION OF AUSA ESCOBAR AND |
| v. ) | PROPOSED ORDER |
| ) | |
| JEFFERY LEE GENTRY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    Out of an abundance of caution, the the United States of America, by and through its attorneys, BENJAMIN B. WAGNER, United States Attorney, and KAREN A. ESCOBAR, Assistant United States Attorney, hereby provides the following supplemental facts to support the Court's findings made at the hearing on May 27, 2011, that the ends of justice outweigh the defendant's interest in a speedy trial.

    At the May 27 hearing, the government stated that the government's case agent, an essential witness, was unavailable on August 1 through August 5 due to training in Maryland required for his position at the Federal Bureau of Investigation in response to Homeland Security - Multi-Hazard Emergency Planning

for Schools.  The training coincides with a partnership having been made with the Kern County Superintendent of Schools with an emphasis on securing Kern County Schools for Infrastructure protection.  FEMA sponsors the class which has a long waiting list.  Kern County was able to obtain this training with public funds do to a cancellation.  Non-refundable airline tickets have already been purchased.  If the case agent cancels at this point, he could be banned for two years from attending any future training classes at the U.S. International Fire Administration National Emergency Training Center.

In addition, on March 18, the government extended an offer to the defendant which gave the defendant a benefit premised on the government's agreement to forego submitting the laser allegedly used to strike an aircraft in this case for a forensic examination.  While the government was on leave in April, the defendant rejected the government's offer and on May 23 indicated that he intended to request a trial date at the May 27 hearing.

The government is now submitting the laser for forensic testing; however, the government submits that a continuance until August 8, the date set for trial, is also justified in part for the purpose of completing the forensic examination that the government delayed for the purpose of plea negotiations.  See, e.g., United States v. Nazarenus, 983 F.2d 1480, 1483-84 (8th Cir. 1993)(finding no Sixth Amendment violation occasioned by delay resulting from government continuances obtained to enable forensic and DNA testing to be performed); United States v. Williams, 2006 WL 1476021, *1 (W.D. La. 2006), citing United States v. Drapeau, 978 F.2d 1072 (8th Cir. 1992)(noting that any

delay resulting from a continuance while government requested DNA testing is performed would be excluded from the speedy trial calculation under the Speedy Trial Act pursuant to the "ends of justice" provision).

Further, the defendant's trial date of August 8 falls within 70 days, i.e., 54 days of non-excludable time.

Based on the foregoing, as well as the reasons offered by the government at the May 27 hearing, the government submits that the delay resulting from the continuance from July 8, 2011, the hearing on the defendant's pretrial motion, until August 8, 2011, the date of trial, is properly excludable to ensure availability of an essential witness, as well as the government's attorney, and to complete forensic examination, that the ends of justice outweigh the defendant's interest in a speedy trial and that, in any event, the time frame falls within the 70 day time frame for a speedy trial, pursuant to 18 U.S.C. §§ 3161(h)(3)(B), 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

Dated: May 31, 2011                     Respectfully submitted,

                                        BENJAMIN B. WAGNER
                                        United States Attorney

                                    By: /s/ Karen A. Escobar
                                        KAREN A. ESCOBAR
                                        Assistant U.S. Attorney

### D E C L A R A T I O N

I, Karen A. Escobar, hereby declare and state as follows:

1. I am an Assistant U.S. Attorney assigned to the Fresno Division of the U.S. Attorney's Office in the Eastern District of

1 California.  I have been so employed for over twenty years.
2 Prior to my current employment, I was a Trial Attorney for the
3 Criminal Division, U.S. Department of Justice, and, before that,
4 a state prosecutor for two years.  I am the attorney assigned to
5 handle this matter.
6     2.   This declaration is made in support of the Court's oral
7 finding of excludable time.
8     3.   The facts set forth above are true and correct to the
9 best of my knowledge.
10     This I declare under penalty of perjury.  Executed at
11 Fresno, California on May 31, 2011.

                                      /s/ Karen A. Escobar
                                      KAREN A. ESCOBAR

**O R D E R**

IT IS THE ORDER OF THE COURT THAT based on the reasons articulated by the government's attorney that the continuance in the "ends of justice" outweighs the interest of the public and defendant in a speedy trial under the Speedy Trial Act and the intervening period of delay between July 8, 2011, the hearing on the defendant's pretrial motion, through August 8, 2011, the date of trial, shall be excluded in the interests of justice, pursuant to 18 U.S.C. §§ 3161(h)(3)(B), 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

IT IS SO ORDERED.

**Dated:   May 31, 2011**                    /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE