BENJAMIN B. WAGNER
United States Attorney
KAREN A. ESCOBAR
Assistant U.S. Attorney
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 1:11CR0094 LJO |
|---|---|---|
| Plaintiff, | ) ) ) | GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO |
| v. | ) ) | MOTION IN LIMINE RE: EVIDENCE PERTAINING TO ALLEGED JUVENILE |
| JEFFREY LEE GENTRY, | ) ) | MISCONDUCT AND MENTAL CONDITION, MOTION TO SEAL |
| Defendant. | ) ) | DEFENDANT'S OPPOSITION AND PROPOSED ORDER |
|  | ) ) | Date: August 26, 2011 |
|  |  | Time: 10:00 a.m. Place: Courtroom Four Honorable Lawrence J. O'Neill |

   The United States, by and through its attorneys of record, BENJAMIN B. WAGNER, United States Attorney for the Eastern District of California, and KAREN A. ESCOBAR, Assistant U.S. Attorney, hereby replies to the defendant's opposition to the government's motion to exclude evidence pertaining to alleged prior juvenile misconduct and mental condition of one of the government's juvenile witnesses. The government further moves to seal the defendant's opposition filed on August 19, 2011, at docket entry 42, since it refers by name to a juvenile witness and unadjudicated juvenile conduct.

The defendant's argument with respect to the admission of Rule 404(b) and impeachment evidence is factually and legally flawed.

The defendant argues that the government's star witness's (Juvenile 1) anticipated testimony is "contradicted by his more stable and less medicated siblings." Def. Opp. at 1:23-24. The government's evidence indicates that the only witness to the lasering was Juvenile 1. The older and younger siblings of Juvenile 1 were not present during the actual lasering. Juvenile 1 is the sole percipient civilian witness to the actual lasering.

In addition, the defendant argues that "the Court should ignore the government's utterly unsubstantiated assertions that evidence obtained from [Juvenile 1] was obtained 'in a coercive setting'." In June, 2011, the mother of Juvenile 1 told FBI agents that she had previously given consent to defense investigators to interview her minor children at their school in her absence.[1] The mother of Juvenile 1 indicated that Juvenile 1 "had not taken his medication when he was interviewed at the school" by defense investigators.

---

[1] The defense has not shared with the government the reports of its interviews with the government's witnesses. When the government requested the reports, the defense indicated it would furnish such reports in accordance with the law. If the defense intends to disclose the reports only after the testimony of an interviewed witness, the government would request time, as necessary, to review and investigate the contents of the reports of interview. The government has disclosed the statements of its witnesses at the time of the laser incident. It will disclose post-indictment interview statements in accordance with the government's practice to provide Jencks statements ten days before trial.

"The courts have long been aware of and sympathetic to the special considerations required to be given to statements of juveniles because they may be easily confused and bewildered, open to suggestion, frightened, too trusting, or misled so as to cast doubt on the reliability of their statements." United States v. Spruille, 544 F.2d 303, 306 (7th Cir. 1977), citing to Haley v. Ohio, 332 U.S. 596 (1948). Further, the absence of a parent is an important factor in assessing the voluntariness of a juvenile defendant's statement to police. See, e.g., Gilbert v. Merchant, 488 F.3d 780, 787 (7th Cir. 2007). As the defendant concedes, "[t]he Court should not set up different rules for the government and for the Accused." Def. Opp. at 2:5.

Further, the government's 404(b) notice was premised on different evidence than that upon which defendant relies for potential impeachment and use under Rule 404(b). The government's Rule 404(b) evidence is based on the defendant's adult conviction for malicious destruction of property, which specifically required proof of "reckless indifference to human life," and adult DUI charge which was dropped to being under the influence for purposes of a plea. With respect to the latter, the government provided legal authority in support of its admissibility for Rule 404(b) evidence.

On the contrary, the defendant has not offered any legal authority to support the use under Rule 404(b) of prior juvenile assault incidents, which are general intent crimes to demonstrate reckless indifference on the part of Juvenile 1. Unlike the defendant's prior reckless conduct, there is no indication that there has ever been an adjudication or disposition with respect

3

to Juvenile 1's prior incidents.  Further, the government has no indication that the prior assault incidents required proof of recklessness.  Moreover, there is no evidence connecting Juvenile 1 to the lasering other than his presence at the scene.  Under the circumstances, the use of a prior juvenile assault incident to establish a third party's reckless behavior to prove the third party was responsible for the charged criminal conduct is impermissible under Rule 403.  See, e.g., United States v. Flaherty, 76 F.3d 967, 973 (8th Cir. 1996)(reverse 404(b) evidence regarding a third party's possible culpability was inadmissible under Rule 403 in arson case where third party had actually set another fire shortly before the fire underlying the arson charge against defendant); United States v. McLernon, 746 F.2d 1098, 1117 (6th Cir. 1984)(affirming district court's exclusion of taped conversations regarding past acts of government informant proffered under Rule 404(b) because the tapes contained "little probative value").

Further, in its August 18 filing at docket entry 40, the government has clarified its intended use of its Rule 404(b) evidence.

With respect to the defendant's desire to probe Juvenile 1's mental condition, there is no evidence that Juvenile 1 had any mental condition that affected his ability to perceive or relate the events surrounding the lasering incident at the time of the incident.  In the absence of such evidence, unleashed questioning about Juvenile 1's mental condition would be impermissible under Rule 403 and would create "different rules for the government and for the Accused." Def. Opp. at 2:5.

4

For the foregoing reasons, the government respectfully requests that the Court exclude the proffered evidence relating to the government's juvenile witness.

The government further requests the sealing of Defendant's Opposition to Government's Motion in Limine to Preclude Evidence Pertaining to Juvenile Misconduct and Mental Condition, C.R. 42, in that it violates Local Rule 39-140, which requires the sealing or redaction of minors' names in criminal actions or "when the specific identity of the minor is not necessary to case."

DATED: August 19, 2011                    Respectfully Submitted,

                                          BENJAMIN B. WAGNER
                                          United States Attorney

                                          By: /s/ Karen A. Escobar
                                             KAREN A. ESCOBAR
                                             Assistant U.S. Attorney

## O R D E R

Having considered the government's reply to the defendant's filing found at docket entry 42,

IT IS HEREBY ORDERED THAT Defendant's Opposition to Government's Motion in Limine to Preclude Evidence Pertaining to Juvenile Misconduct and Mental Condition, C.R. 42, shall be and is ordered SEALED.

IT IS SO ORDERED.

Dated:   August 22, 2011                  /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE